I will call the calendar. The first case on our calendar is MinedMap v. Northway Mining Council. Thank you, Your Honor, and good morning to the Court. May it please the Court. My name is T. Edward Williams, and I represent the plaintiff, MinedMap. Your Honor, we're asking the Court to vacate the order entered on May 13, 2021 that dismissed MinedMap's case against… Could you explain? I'm sorry to break in so early with bad manners. Yes, Your Honor. But it seems to me the complaint is that the defendants stole your clients. Essentially, they stole. They kept their mining machines, and they kept the money that was given to them and that they weren't entitled to. Why are you turning this into a RICO case? I mean, it sounds like a straight up, you know, conversion theft case. Why RICO? Why make it so hard? Well, thank you, Your Honor. I'm not trying to make it difficult. But this gentleman, the defendant and the companies he's formed and the individuals he's worked with, has done it to a number of people. And I'm representing to this Court that he's done it to 20 plus people in terms of stealing miners. There have been a number of cases that I've done that have settled… That's not in your complaint, however. The other instances of thievery is not in your complaint. Your Honor, it is detailed in the RICO statement as well, which under the local rules of the Northern District, the RICO statement and the complaint act as the basis for the allegations. And I would say as well, Your Honor, it is indeed stated in the Second Amendment complaint that not only my client mine map, but there is an additional Canadian company that was defrauded as well. There are several other companies that have been defrauded, including one in England. That case was resolved. I've got an additional five cases that we've got complaint for coming forward. Does that make it a RICO case or a class action? Well, it makes it a RICO case. We think we were able to demonstrate the way this Mr. Miranda has operated throughout the years. We're able to demonstrate that it was mail fraud, it was wire fraud. He uses, he steals the miners and then he takes out insurance policies on them. And he should go to jail, right? You're talking about a criminal case, aren't you? I mean, at least I'm not, obviously, I'm not saying there is one. I'm just saying what you describe as a criminal case. Precisely. That's why I'm right. That's why I believe I'm right. Because if it is criminal, I can bring a RICO claim. So, Matt, if I may, the dispute here is actually whether or not or the way I see it is whether or not you've pled RICO with enough specificity. And fortunately, we have some guidance. We have Mills and we have McLaughlin. And in those cases, as I know you know, we've been told that we need to know the when, the what, the where, the content and why that played part of his fraudulent scheme. And I don't believe, and I've been pretty meticulous about looking through this, that you've done this with a number of your allegations. So my question to you is, are you asking us to relax the requirements for the when, what, where, what the content of it is and what how the particular allegedly fraudulent item fits into the greater scheme? No, Your Honor, I'm not asking this court to relax its standard. That would be foolish to do. What I'm asking this court to do is to follow its clear precedent in the, I may pronounce this wrong, but in the Delicado case, which I cite extensively throughout the principal brief, which says, and just to finish the court's question, we stated the when. The initial when was back in September of 2018 when my clients came out to this facility in upstate New York. They traveled from Nevada. Right, but that's not wire fraud, right? And that's not mail fraud, right? Your Honor, the wire was wiring total amounts of $432,000 via interstate, and I stated the time and the date that those wires occurred. Counsel, I know you have a cause of action somewhere. But why are you in federal court, if you have trouble proving RICO? Why aren't you in state court with a theft or with a replevant action? Well, we did, Your Honor, under Civil Procedure Rule 64, the court would note that we did have a replevant action, and we pled it as part of this, and it was granted twice. What this gentleman did was he transferred the miners out of reach twice. The question that both Judge Pooler and I, at least the two of us are asking, is accepted. Accepted. There were two district court judges who acted on that basis, but why were they federal judges rather than state judges? What makes it federal? It just seems so simple as a case of theft, and it seems so complicated as a RICO case. Understood. It's a federal case because there's diversity between the parties, and there is... Except there isn't diversity within the parties. You didn't list the citizenship of all the subsidiary defendants, did you? Your Honor, all the subsidiary defendants are companies that Michael Miranda, the defendant appellee, has formed to carry out his fraud. Be that as it may, you have to list the citizenship of every defendant that you sue. It's not enough to say they're all owned by the same person. Your Honor... And you fail there, don't you? No, no. I disagree that we fail to list every defendant. We did. We stated that this company, for example, Michael Miranda LLC, was stated as owned by Michael Miranda. It is based in New York. It has a principal... Don't you have to list all the LLC members you didn't set, right? That's part of the requirement. I think we're not disputing that you mentioned it with some parties, but I think what the court is saying is that there's a lot of gaps you are asking us to fill. And what are we supposed to do with those gaps? Are we supposed to remand again for you to amend the complaint a third time, or what are we supposed to do with that? Your Honor, I understand what may be perceived gaps. Here's where I think the issue is. We had an extremely unique procedural process below, whereby the initial judge, who was on the case for more than two years, recused himself sort of out of the blue. There's nothing wrong with that. And then the case... That's the Northern District, right? Yes, Your Honor. So the initial judge was in the Eastern District, so this was the second judge. No, no, no, Your Honor. You are correct that this case indeed started in the Eastern District because there was property thought to have lied in the Eastern District. But once the matter was transferred to the Northern District, we got Judge McAvoy. Judge McAvoy was on the matter for two years. And then he recused himself. There was no disclosure made to the parties, but he recused himself. And then we got bounced around a bit in the Northern District between several chambers, for one reason or another, to which the case was assigned, recused themselves. And then the case ended up with Judge Hurd, who I think, frankly, did not take the time that would have been required to understand this case. Your Honor, I want to be clear that if we go through the complaint, to Judge Perez's point, if we look through the complaint, yes, individually, we've listed out allegations of the entities. We don't know all the members. In those instances, usually we've been allowed to conduct some discovery as to who all the members were. I can see that. Counsel, your time has expired. You did not ask for rebuttal time. I did. You did? Three minutes. Yes, Your Honor. Okay. Well, the clock went to 12. Why don't you save? I'll give you the three minutes, and we'll hear from opposing counsel. Thank you. Thank you, Your Honor. Good morning, Your Honors. And may it please the Court, I think I'll try to address the issues in the same order in which the Court and Mr. Williams addressed them. First, speaking to Rico, yes, in fact, I think the shortfall of the pleading is evident. The district court correctly dismissed that claim because it did not allege adequately the individual acts of racketeering activity or a pattern of them. With respect to mail fraud, it really comes down to paragraph 184 of the Second Amendment complaint, where the plaintiffs alleged in general terms that in all of their conduct, the defendants use the United States mail. There's no allegation of even one particular mailing from a person to another person or a description of that mailings content or an explanation of how it's false. And the Court is correct, I think, under Mills, McLaughlin, and their ilk to accept that as adequate Rico pleading would be to rewrite the standard for Rico pleading. The wire fraud allegations are really no better. Those are in paragraph 191 of the complaint. The gist of it is that between August 2018 and November 2018, the defendants transmitted wire, I'm sorry, a text messages to the plaintiffs that were quote unquote fraudulent, but there's no discussion in that allegation or the Rico statement as to what the content of those. Yes, Your Honor. The behavior of your clients seems reprehensible. Perhaps in state court, you wouldn't feel so confident. Isn't that correct? Your Honor, there's two sides to every story here. I know that. I actually know that. Yeah, this case is unusual in that no defendant has ever answered. We haven't reached that place. This case actually managed to spawn 177 docket entries before joinder of issue. In fact, even before service of process of most of the defendants because of this Rico claim that doesn't belong here. I don't want to get into trying the case. I do have a question related to that, though. One of the allegations that your colleague on the other side has mentioned or suggested was that you were an inherently unlawful organization and I want to know if there's any facts in the record that suggests that with anything that your company that your clients did that was above board. There are no facts in the record showing that they're inherently unlawful enterprise engaged in crimes like murder, extortion, etc. for the open ended test. There's nothing inherently unlawful about cryptocurrency mining or hosting. Mr. Williams makes reference in his oral argument to supposedly 20 plus people. I appreciate that. But I asked a very specific question, which was there any facts in the record that anything your organizations that you're representing did or above board? There are no facts in the record. There's a pleading in the record. So there's nothing that you have submitted that suggests that there's anything that they are doing that your client is doing that is lawful. Well, this was a pre answer motion to dismiss based on the pleading. If you're looking at the whole case record. The plaintiffs made a motion for contempt and sanctions against the defendants, which was denied. There is an affidavit from Michael Miranda in the record for that part of the motion. That motion practice in which he explained the transaction explained that he received the miners based on representations that the plaintiffs in fact intended to have him host them. He built out his electrical infrastructure so that he could accommodate them. And he alleges in that affidavit that they then pulled the plug, no pun intended, that they changed their minds because the rate of crypto was then poor and they didn't want to pay the electrical. That's in the record. It wasn't part of the pre answer motion to dismiss papers. It was part of the papers in connection with that denied contempt motion. It's the onus is on the plaintiff to allege facts that would show you're simply saying you haven't gotten to that. This case has not gotten far enough so that you've had to plead the facts further than what you just mentioned in connection with emotion. Correct. Just haven't got we haven't gotten there. Yes, but as judge heard said in his decision below and judge McAvoy before him on the prior motion to dismiss the onus is on the plaintiff to plead those facts. It's not enough to say, I know 20 other people who I've never mentioned by name and a pleading or Rico statement, who have the same tale of woe, just like this court's decision and GI CC capital from 1995. You can't just say there are other victims and not name. Those details have to be pled and they weren't after despite three attempts at pleading this claim, they have never been pled. Unless the court has other questions about Rico I can address the diversity jurisdiction issue. Go ahead. All right. So, as the court well knows you need complete diversity all plaintiffs all defendants. It's an important rule that at the outset, the plaintiff has to allege the identities and the place of incorporation and place principle place of business of limited liability company defendants because LLCs, as we know, are deemed residents of all of those jurisdictions where their members reside and where they are incorporated. Okay. As we also know, subject matter jurisdiction is a non waivable defect. Okay, that's why it's important to get this alleged at the outset. There's no point in the court, and the parties litigating for years in the federal forum only to have some discovery later reveal that the jurisdiction was no judgments have been voided for that reason from time to time. The plaintiff did not allege those details as to several of the LLCs coin mint LLC, a theory and ventures LLC. run by Miranda, not true. He doesn't allege that it's true. And as your honor said and your question to him or indicated, it doesn't matter anyway. It does, there could be multiple members even if Miranda is a member of all of them which he's not I can represent to the court he's never had an interest in a theory and ventures LLC or coin mint LLC, or Lori s Thompson Miranda licensed clinical social worker PLC. Okay, that's a bald assertion by Mr. Williams, that those are owned by Michael Miranda. But even if they were these crypto mining concerns they attract multiple investors multiple members of any one of them are in Nevada, there's no diversity, because it's LLC. Correct. And it's not far fetched that there could be some institutional member of one of these LLCs in Nevada Nevada Nevada now rivals Delaware, as a popular opportunity, we would have the ability to give them the opportunity to cure this right I mean it seems to me that, again, for the reasons that you suggested about it being very early, and I again I also would would remind you of what what judge Pooler indicated and that the deficiencies of the pleadings are not should not be interpreted at us by us as a endorsement of what it appears that your clients have been doing. Yeah, I would respond to that this way. There's several answers to that first, I don't think the plaintiff preserve that below he did not in response to the motion to dismiss asked to replete. He argued that he didn't need to plead those details about the LLCs. Secondly, he hasn't indicated that he knows the answers to those questions to plead them. I don't know who the members of coin mint LLC are, and I don't think he does either. So I don't he hasn't made an offer of pleading that he can plead those things. Third, he's had plenty of chances to allege this this is can drop all the plaintiffs for which he did all the defendants for which he doesn't have information and clean up the pleading. So it's just him versus Miranda. Well, he's had multiple chances to do this and as I indicated before I think at this point. It was an exercise of discretion by the district judge dismiss without leave to replete, because Judge McEvoy had previously dismissed granting him leave to replete. And this is a case that consumed more than its share of the northern district's bandwidth in the 25 months that it was in place without joinder of issue having been achieved and without service of process and about 20 of the defendants, having ever been achieved. This case had its day in federal court, and I believe is just Judge sack indicated earlier, it might make sense, more sense in state court. As to the question of a hearing, Mr. Williams indicated there should have been an evidentiary hearing below. I disagree. If he had alleged the details about the LLC's serves them, and then they appeared and denied those allegations regarding their states of residence, that would be a fact question warranting a hearing. There was no such allegations in the first place to meet his facial burden, and he never actually serve those defendants to have them appear to hearing anyhow. I think I've addressed what I wanted to address I can answer any more questions the court may have, but if not I'll see the rest of my time. I have no further questions. Nothing. Thank you counsel will hear from Mr. Williams, who did reserve three minutes for rebuttal. Thank you. The court is is correct. In absolute terms, that nothing in the record indicates that the defendant appellee did anything that was above board. It is plain and simple. They stole these minors he intended to steal the minors before he stole the minors he was in prison in federal prison, got out of federal prison and had nothing else to do to judge Perez's point. It was an inherently criminal enterprise. There's nothing else this gentleman could have done he couldn't open a bank account legitimate business council I think we don't disagree that there may be a criminal act here, but it's the enterprise part. I know there's a cause of action somewhere here, but I think it may be assuming assuming the facts are true assuming what you say is true. It sounds like you have a cause of action in state court that's what we're troubled by. We know that that you've made allegations about Rico, but they seem to be failing, and you haven't dealt with diversity, which is a requirement in federal court. Why don't you bring this action in state court. Well, as Mr. There's another gentleman who's working on the case, other than Mr. Nidal john Harwick, and as he told me about green county court. There's only one printer or fax machine or something like that in green county in other words, it is. It is an exceedingly poor venue to have this matter in the expertise is chosen maybe unavailable. Well, and respectfully I disagree. Now, let me this this matter was was proceeding along. By the way, we still had time to serve the other defendants who weren't served. So, we got cut short at the knees because we had a. My thought is we had we had a court that simply did not want to hear about or understand what bitcoins involved what what the issues were there were involved in bitcoins. Do you have to know what bitcoins are to decide this case, especially for the Rico element, because a Bitcoin, if you're going to defraud someone or steal someone's Bitcoin. It isn't. This goes to the continuity element, it isn't a one time thing. You have to steal it you have to wait on it you have to continue to mind it you have to pull it, and all of those things take at least at least two to three years. That's the point I made in both both of mine, both the principle and reply brief, it is, and I implore the district court judge to try to understand it better try to understand. Here's, here's a product that you know it is already popular but in the coming years will be more popular in the stream of commerce, and there's there's absolutely no curiosity to understand how it is that this thing work from the federal judiciary. Now the SEC is doing a lot more in terms of regulation, but a federal judiciary has almost no cases on it. And we have this case where there's this great deal of opportunity to simply understand what's going on and the shocking part of this is that as lawyers, we should be naturally curious but no one is. Let me, this is really a sense of a sidebar but but where where should we go to find out about bitcoins and blockchains we see all the stuff about it. And yet we have very very remote you're right, remarkably few cases involving it, where would you send us the CFTC in the SEC are doing better job of compiling more information on it and can they provide information on it. Yes. Oh, okay. And the FBI is getting better at, at technology wise that season bitcoins and tracking them down so your time has expired in conclusion, you would say what, in conclusion, I would say, Your Honor, the, the law in this in this circuit has always been as a jurisdictional issue. Those are easily curable easily curable. If it's a matter, there's no one doing business with Michael Miranda, he's a lone wolf he defrauds people, he steals the minors and he moves them from between Illinois and and upstate New York to the recollection. Thank you counsel. Thank you both will reserve decision. Thank you.